UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID HENRY CURRY,<br><br>    Plaintiff,<br><br>    v.<br><br>JAN SCULLY, et al.,<br><br>    Defendants. | No. 2:17-cv-02372 TLN AC PS<br><br>ORDER |

The court is in receipt of plaintiff's amended motion to proceed in forma pauperis ("IFP"). ECF No. 15. Having reviewed the submission, the court will vacate the Findings and Recommendations at ECF No. 14. However, after reviewing plaintiff's motion to proceed in IFP and complaint, the court will dismiss the complaint with leave to amend.

Plaintiff, a state prisoner proceeding in pro se, has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. Although plaintiff is an inmate, this action does not challenge plaintiff's conditions of confinement. This proceeding was accordingly referred to the undersigned for pretrial proceedings by E.D. Cal. R. ("Local Rule") 302(c)(21).

I.  Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF No. 15. Accordingly, the request to proceed in forma pauperis will be granted.

////

1

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. Screening Standard

Granting IFP status does not end the court's inquiry. The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. ("Rule") 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Rule 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

III.     Complaint

Plaintiff brings suit against defendants Jan Scully ("Scully"), Sacramento County Sheriff's Department, Jennifer Rauzy ("Rauzy"), Judge Stephen Acquisto ("Acquisto"), Judge Bunmi Awoniyi ("Awoniyi"), Stephanie Cowen ("Cowen"), Terry Streeter ("Streeter"), Ita Quattron ("Quattron"), Cheyenne Price ("Price"), and Bobby Luna ("Luna"). ECF No. 1 at 3-5. Plaintiff's allegations arise from state court custody proceedings and the enforcement of a criminal protective order. The complaint alleges a single claim for cruel and unusual punishment under the 8th Amendment. ECF No. 1 at 6. Plaintiff alleges "the deliberate indifference to [his] child's safety violated" his constitutional rights. Id. Plaintiff states that this court has jurisdiction pursuant to 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983. Id. at 1.

A. Jan Scully

Plaintiff alleges that defendant Scully failed to press charges against Savitir Curry ("Savitir") for violating a criminal protective order after Curry "was arrested on 2 [] occasions." ECF No. 1 at 2. Plaintiff contends this refusal violates his constitutional rights. A plaintiff states a claim pursuant to Section 1983 only where his rights were violated by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Although the undersigned is aware that Scully is a former Sacramento County District Attorney, the complaint fails to state facts demonstrating that she acted under color of state law. Moreover, it is unclear how Scully's alleged failure to press charges against Savitir violated plaintiff's constitutional rights. Plaintiff has not identified any right that was violated, nor pled facts that make a constitutional violation apparent. Accordingly, the present allegations fail to state a cognizable claim against defendant Scully.

B. Sacramento County Sheriff's Department

It is well established that sub-departments or bureaus of municipalities are not considered "persons" who may be sued under Section 1983. See United States v. Kama, 394 F.3d 1236, 1240 (9th Cir. 2005) ("[M]unicipal police departments and bureaus are generally not considered 'persons' within the meaning of Section 1983."); Hervey v. Estes, 65 F.3d 784, 791 (9th Cir. 1995) ("Although municipalities, such as cities and counties, are amenable to suit under Monell, sub-departments or bureaus of municipalities, such as the police departments, are not generally considered 'persons' within the meaning of § 1983."). A claim against Sacramento County for the actions of its Sheriff's Department requires allegations that the alleged constitutional violations were caused by an unconstitutional departmental policy. See Monell v. Dept. of Social Services, 436 U.S. 658 (1978). Neither the County nor the Sheriff's Department can be sued under Section 1983 just because they are in charge of officers who violate a plaintiff's rights. Id. at 694. Because the complaint makes no allegations about county policies or practices, plaintiff has not stated a claim against defendant Sacramento County Sheriff's Department or the County.

C. Jennifer Rauzy

Plaintiff appears to allege that defendant Rauzy is an investigator for child protective

services whose failure to "legally intervene" violated his constitutional rights. ECF No. 1 at 2. However, it is unclear precisely what Rauzy did or did not do, how her conduct constituted action under color of state law, and what rights of plaintiff's she violated. Accordingly, the complaint fails to state a cognizable claim against defendant Rauzy.

### D. Judge Stephen Acquisto and Judge Bunmi Awoniyi

The doctrine of absolute judicial immunity bars any claim for damages against defendants Judge Stephen Acquisto and Judge Bunmi Awoniyi for their handling of cases. See Ashelman v. Pope, 793 F.2d 1072, 1075 (1986) (judges are absolutely immune from damages liability for acts performed in their official capacities). Moreover, "in any action brought against a judicial officer [under § 1983] for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 28 U.S.C. § 1983. Plaintiff is clearly suing Judge Acquisto's and Judge Awoniyi because of their involvement in state court custody proceedings regarding plaintiff's minor child. Accordingly, Judges Acquisto and Awoniyi are immune from liability.

### E. Stephanie Cowen and Bobby Luna

The complaint states defendant Cowen and defendant Luna are attorneys that represented the plaintiff's minor child and Savitri separately during the state custody proceedings. ECF No. 1 at 4. Plaintiff alleges defendant Cowen failed to verify reports of abuse to the minor child and that defendant Luna "planted ideas in the trial judges head by telling" lies. Id. "[A]n attorney, whether retained or appointed, does not act 'under color of' state law." Szijarto v. Legeman, 466 F.2d 864 (9th Cir. 1972); see also Simmons v. Sacramento Cty. Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003) (plaintiff cannot sue private counsel under § 1983 because counsel is not acting under color of state law.) For these reasons, defendants Cowen and Luna are not proper defendants in this action.

### F. Terry Streeter, Ita Quattron and Cheyenne Price

Finally, plaintiff alleges that defendants Streeter, Quattron, and Price are all "friends" of Savitri who "intentionally lied in Superior Court at the trial for custody[.]" ECF No. 1 at 4. Plaintiff does not allege facts showing that these defendants acted under color of state law at the

5

times relevant to this complaint. Accordingly, plaintiff has failed to state a cognizable claim against defendants Streeter, Quattron, and Price. More fundamentally, witnesses are accorded absolute immunity from civil liability for their testimony in judicial proceedings. Briscoe v. LaHue, 460 U.S. 325, 335-56 (1983).

### IV. Leave to Amend

Plaintiff will be granted leave to file an amended complaint in which he can attempt to allege a cognizable legal theory against a proper defendant and sufficient facts in support of that theory. Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints). Should plaintiff choose to file an amended complaint, the amended complaint must clearly set forth the claims and allegations against each defendant. Any amended complaint must cure the deficiencies identified above and also observe the following:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. See Forsyth v. Humana, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967)).

////

Finally, the court notes that any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Lengthy, unbroken paragraphs can be difficult to read when handwritten and plaintiff would do well to avoid them wherever possible.

Although plaintiff is free to reassert any and all claims in his amended complaint, he should carefully consider the problems with his initial complaint that have been identified above.

### V. Pro Se Plaintiff's Summary

Your application to proceed in forma pauperis is being granted. Although your complaint is being dismissed, you are being given an opportunity to submit an amended complaint within 30 days. Your claims as originally presented are legally defective. Judges and witnesses have absolute immunity, which means they cannot be sued for things they do in court cases. Lawyers cannot be sued under the civil rights statute, because the law applies only to defendants who act "under color of state law." The courts have held that lawyers do not meet that requirement. The County, of which the Sheriff's Department is a part, can only be sued for policies or practices that caused a violation of your rights; the complaint does not identify any such policies or practices. As to Jan Scully and Jennifer Rauzy, the complaint does not include specific facts showing what they did, that they acted under color of state law, and that their actions violated your constitutional rights.

You are being given an opportunity to submit an amended complaint in which you can address the problems mentioned above. You should submit that complaint to the court within thirty days of this order's filing date. Failure to do so may result in the dismissal of this action.

### VI. Motion to Appoint Counsel

Plaintiff further requests that the court appoint counsel due to his inability to afford counsel, his limited access to the prison law library and limited knowledge of the law, and a counsel's ability to present evidence and cross-examine witnesses more effectively at trial. ECF No. 2 at 1-2. Plaintiff also asserts that he has made efforts to attain an attorney through Disability

Rights Washington but has been unsuccessful. Id. at 2.

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335–36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009).

Having considered the relevant factors, the court finds there are no exceptional circumstances in this case, and that appointment of counsel is not warranted at this time. Plaintiff's case is not overly complex. See ECF No. 1. Plaintiff's alleged difficulty in accessing the law library and limited knowledge of the law does not constitute exceptional circumstances. "Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel." Kent v. U.C. Davis Med. Ctr., No. 215CV1924WBSACP, 2016 WL 4208572, at *1 (E.D. Cal. Aug. 10, 2016). Appointment of counsel therefore is not appropriate here.

VII. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. The undersigned's Findings and Recommendations, ECF No. 14, are hereby VACATED;
1. Plaintiff's motion to appoint counsel (ECF No. 2), is DENIED;
2. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 15), is GRANTED;
3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order

| | |
|---|---|
| 1 | to the Washington Corrections Center filed concurrently herewith; |
| 2 | 4. Plaintiff's complaint (ECF No. 1), is DISMISSED with leave to amend; and |
| 3 | 5. Within thirty days from the date of service of this order, plaintiff may file an amended |
| 4 | complaint. If plaintiff files an amended complaint, he must do his best to follow the |
| 5 | guidance provided in this order. If plaintiff fails to timely comply with this order, the |
| 6 | undersigned may recommend that this action be dismissed for failure to prosecute. |
| 7 | DATED: September 27, 2018 |

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE